UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BARON BRAND,<br>    Petitioner, | Case No. 1:21-cv-222 |
| vs. | McFarland, J.<br>Litkovitz, M.J. |
| WARDEN, PICKAWAY<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate at the Pickaway Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2015 aggravated murder, murder, felonious assault, aggravated robbery, having a weapon while under a disability, trafficking in heroin, and possession of heroin convictions in the Hamilton County, Ohio Court of Common Pleas, Case No. B-1402577A. (Doc. 4 at PageID 37). Because it appeared this was not the first petition filed by petitioner challenging his Hamilton County, Ohio convictions and sentence, the undersigned issued an Order for petitioner to show cause why the matter should not be transferred to the Sixth Circuit Court of Appeals as a second or successive petition, pursuant to 28 U.S.C. § 2244(b)(1), to which petitioner has responded. (Doc. 2, 3).

For the reasons below, the undersigned **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a second or successive petition.

A. BACKGROUND

Petitioner raises the following single ground for relief in the petition:

**GROUND ONE**: Freestanding Claim of Actual Innocence

**Supporting facts**: Petitioner states his claims of actual innocence due to evidence

supporting petitioner's conviction proves his innocence, petitioner was convicted due to a one witness identification describing the petitioner as being 5'3" and stocky, and the photo line-up was unduly suggestive due to the description given did not match one of the petitioner and that the eyewitness picked two suspect in one photo array. There was no evidence that proven petitioner's existence in such crime or anything that could place petitioner in the area in which the crime was committed, nor any evidence that linked petitioner to the victims as several officers including the lead investigator testified to say there was nothing that connected petitioner to the crime.

(Doc. 4 at PageID 42-43).

This is not the first habeas petition filed by petitioner challenging the judgment in Case No. B-1402577A. On October 2, 2018, petitioner filed his first habeas petition in *Brand v. Warden,* No. 1:18-cv-697 (S.D. Ohio Oct. 2, 2018) (Bertelsman, J.; Litkovitz, M.J.), raising the following five grounds for relief:

**GROUND ONE**: Petitioner's convictions are based on insufficient evidence.

**GROUND TWO**: Petitioner's right to due process of law was violated when the trial court admitted other acts evidence.

**GROUND THREE**: Petitioner's right to a fair trial as guaranteed by the due process clause of the 14th Amendment was violated due to prosecutorial misconduct.

**GROUND FOUR:** Petitioner was denied effective assistance of counsel.

**GROUND FIVE:** Petitioner's due process rights were violated when the trial court denied petitioner's motion to suppress eyewitness identification in violation of the 5th and 14th Amendments to the United States Constitution.

*Id.*, Doc. 1, at PageID 5-10, 16. On February 25, 2021, this Court issued an Order and Judgment denying the petition with prejudice. *See id.,* Doc. 11, 21, 22.

**B. ANALYSIS**

"Federal law generally gives habeas petitioners one shot to pursue their claims in federal court. For petitions filed after the first one—'second or successive' petitions in the language of the statute—applicants must overcome strict limits before federal courts will permit them to seek habeas relief." *In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3)(A)). Pursuant to 28 U.S.C. § 2244(b)(1), the federal district court must dismiss a claim presented in a second or successive habeas corpus petition that was raised in a prior petition. In addition, the court must dismiss a claim presented in a second or successive petition, which the petitioner did not include in the prior petition, unless: (A) petitioner shows the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (B)(i) the factual basis for the claim could not have been discovered previously through the exercise of due diligence; **and** (ii) the facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Before the district court may consider a successive petition, the petitioner must first request and obtain authorization for such consideration from the court of appeals. 28 U.S.C. § 2244(b)(3). The court of appeals may authorize the district court to consider a successive petition only if petitioner makes the *prima facie* showing described above. *Id.* The determination of whether a habeas application is second or successive, however, is committed to the district court in the first instance. *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012).

"[N]ot all second-in-time petitions are 'second or successive.'" *In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017) (citing *Panetti v.* Quarterman, 551 U.S. 930, 994 (2007)). The subsequent petition must relate to the same conviction or sentence under attack in the prior petition to be "successive" within the meaning of the statute. *See In re Page,* 179 F.3d 1024, 1025 (7th Cir. 1999) (and cases cited therein).[1] "Where a new judgment intervenes between the two petitions, such as would occur with a resentencing following an appellate remand, the later petition challenging the new judgment, at least as far as it concerns the resentencing, is not a second or successive petition requiring approval from the appeals court." *Picard v. Gray*, No. 1:18-cv-1672, 2018 WL 7888550, at *2 (N.D. Ohio Sept. 28, 2018) (Report and Recommendation) (citing *Magwood v. Patterson*, 561 U.S. 320, 321 (2010)), *adopted*, 2019 WL 1409548 (N.D. Ohio Mar. 28, 2019).

In this case, the undersigned concludes that the petition is "successive" within the meaning of § 2244(b). As noted above, this is the second petition filed by petitioner challenging his Hamilton County, Ohio convictions and sentence and petitioner is not contesting any "new

---

[1] However, not all subsequent petitions relating to the same conviction or sentence are considered successive. *See Stewart v. Martinez-Villareal,* 523 U.S. 637 (1998). Otherwise, "a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id.* at 645. Specifically, courts have held that a later petition is not successive where the first petition was dismissed as premature, *see Stewart*, 523 U.S. at 645; the first petition was dismissed without prejudice for failure to exhaust state court remedies, *see Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000); *Carlson v. Pitcher,* 137 F.3d 416, 420 (6th Cir. 1998); the second petition was filed after a remedial appeal ordered in response to the prior petition, *see Storey v. Vasbinder*, 657 F.3d 372, 377-78 (6th Cir. 2011); or the first petition was dismissed because petitioner failed to either pay the filing fee or provide proper support for his application for pauper status, *see Stewart*, 523 U.S. at 645 (citing *Marsh v. United States Dist. Court for the N. Dist. of California,* No. C-94-0581-VRW, 1995 WL 23942 (N.D. Cal. Jan. 9, 1995)). In all of those contexts, the district court had jurisdiction to consider the subsequent petitions without first obtaining authorization from the court of appeals because the prior dispositions were not "on the merits." *See Slack*, 529 U.S. at 485-86; *Carlson*, 137 F.3d at 419; *Camarano v. Irvin,* 98 F.3d 44, 46-47 (2d Cir. 1996); *cf. Storey*, 657 F.3d at 377-78 (where initial petition involved disposition of only one constitutional claim—*i.e.*, whether the petitioner was entitled to a new direct appeal).

judgment," such as a new sentence imposed on resentencing, that occurred between the habeas proceedings. *See Magwood v. Patterson*, 561 U.S. 320, 331-39 (2010). Furthermore, although petitioner titles his single ground for relief as being a freestanding actual innocence claim,[2] petitioner challenges the sufficiency of evidence supporting his convictions and the alleged suggestiveness of the photo line-up.[3] Petitioner raised these claims in Grounds One and Five of his first petition. *See Brand v. Warden*, Case No. 1:18-cv-697 (S.D. Ohio Mar. 20, 2020) (Doc. 11 at PageID 2563-65, 2577-82). Therefore, petitioner's claims challenging the sufficiency of the evidence are subject to dismissal pursuant to 28 U.S.C. § 2244(b)(1). In any event, because petitioner has not demonstrated that his single ground for relief in the instant petition relies on a new rule of constitutional law, that the factual basis of the claim could not be discovered previously through the exercise of due diligence, or that any newly-discovered facts would be sufficient to demonstrate that no reasonable fact-finder would have found him guilty, his single ground for relief is subject to dismissal. 28 U.S.C. § 2244(b)(2).

---

[2] The undersigned notes that the Supreme Court "has not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence." *McQuiggin v. Perkins,* 569 U.S. 383, 392 (2013). *See also Gay v. Sumner Cnty.*, Case No. 20-5350, 2020 WL 5822474, at *1 (6th Cir. Aug. 4, 2020). "But, even if cognizable, a credible actual-innocence claim must be supported with new reliable evidence, such as exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Gay,* 2020 WL 5822474 at *1 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)).

[3] Petitioner claims that insufficient evidence establishes his innocence. (Doc. 4 at PageID 42 ("Petitioner states his claims of actual innocence due to evidence supporting petitioner's conviction proves his innocence.")). As raised in his prior petition, petitioner contests the witness identification and photo line-up introduced in support of his convictions and claims that insufficient evidence was presented to prove that petitioner was involved in the crimes. (*Id.* at PageID 42-43). *See also Brand v. Warden*, Case No. 1:18-cv-697 (S.D. Ohio Mar. 20, 2020) (Doc. 11 at PageID 2563-65, 2577-82) (discussing in Ground One petitioner's claims that insufficient evidence connected him to the crimes and, in Ground Five, petitioner's claims regarding the witness identification and photo line-up). Petitioner has not identified any new evidence in the instant petition that was not also raised in his first petition, much less demonstrated that the factual basis for the claims in the instant petition could not have been discovered previously through the exercise of due diligence.

Accordingly, the undersigned concludes that petitioner's petition for a writ of habeas corpus is "successive" within the meaning of § 2244(b) because petitioner's prior habeas petition was adjudicated on the merits and petitioner is not contesting any "new judgment" in this proceeding. To the extent that petitioner's claims were raised in his prior petition, they are successive. *See* 28 U.S.C. § 2244(b)(1). To the extent that petitioner seeks to posit a new claim that was not asserted in his prior petition, the claim is still successive under 28 U.S.C. § 2244(b)(2) because (1) petitioner has not shown it relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (2) that the factual basis for the claim could not have been discovered previously through the exercise of due diligence, **and** such facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense.

Because the instant habeas corpus petition is successive within the meaning of 28 U.S.C. § 2244(b), this Court lacks jurisdiction to consider it in the absence of prior authorization by the Sixth Circuit. When a prisoner has filed a successive petition for habeas corpus relief in the district court without first obtaining authorization from the Court of Appeals, the district court in the interest of justice pursuant to 28 U.S.C. § 1631 is required to transfer the case to the Sixth Circuit for consideration as required under § 2244(b)(3). *See In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997) (citing *Liriano v. United States,* 95 F.3d 119, 122 (2nd Cir. 1996)); *see also Withers v. Warden, Chillicothe Corr. Inst.*, No. 2:15cv129, 2015 WL 965674, at *2-3 (S.D. Ohio Mar. 4, 2015) (Kemp, M.J.), *adopted*, 2015 WL 1212556 (S.D. Ohio Mar. 16, 2015) (Economus, J.).

**IT IS THEREFORE RECOMMENDED THAT:**

Because this Court lacks jurisdiction in this matter involving a successive habeas petition, within the meaning of 28 U.S.C. § 2244(b), the petition be transferred pursuant to 28 U.S.C. § 1631 to the United States Court of Appeals for the Sixth Circuit for review and determination whether the district court may consider the successive claims for relief.

Date: 5/27/2021

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BARON BRAND,<br>    Petitioner,<br><br>vs.<br><br>WARDEN, PICKAWAY<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | Case No. 1:21-cv-222<br><br>McFarland, J.<br>Litkovitz, M.J. |

# NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).